## STATE v. DAVENPORT.
No. 5459.

Circuit Court, Dade County, Criminal Appeal.

March 12, 1964.

Engel & Pollack, Miami, for appellant.

Richard E. Gerstein, State Attorney, and Joan Odell Fransella, Ass't. State Attorney, for appellee.

J. FRITZ GORDON, Circuit Judge.

This matter came before me upon the appeal of Ruth Davenport from her conviction in the metropolitan court for driving while under the influence of an intoxicating beverage. She raised 2 points on appeal — (1) that the trial court erred in allowing into evidence testimony obtained through an illegal arrest, and (2) that the evidence was insufficient to sustain the conviction.

The appellant was arrested in Coral Gables by a West Miami police officer. What attracted his attention to her car is unknown. The record shows no erratic driving, no speeding, weaving or other violation of the law. The record does not reveal that the arresting officer had any reasonable grounds to believe that the appellant was violating the law in his presence, hence he had no authority to make the arrest, and the arrest was illegal and unlawful.

The Metropolitan Dade County Traffic Code gives authority to municipal police officers within their boundaries to enforce the provisions of that code. Section 30-165 (a) of the code reads —

"It shall be the duty of the public safety department and municipal police officers within their boundaries to enforce the provisions of this chapter."

The arresting officer had no authority to make an arrest for a violation of the Metropolitan Dade County Traffic Code, as an officer of the City of West Miami, in Coral Gables, unless he had previously seen an offense committed in his presence in West Miami and he was in fresh pursuit.

As the fruits of an illegal arrest are not admissible into evidence, the arresting officer should not have been allowed to testify as to the results of the roadside tests and the admissions of the appellant at the time of her arrest. For this reason, the conviction is reversed. In view of this, appellant's point 2 is not considered here.

Therefore it is considered, ordered and adjudged that the conviction is reversed and the cause is remanded for a new trial.